UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:12CV-P528-S

**MARK ANTHONY JACKSON**                                                                 **PLAINTIFF**

v.

**KENTUCKY DEPARTMENT OF CORRECTIONS**                                  **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Mark Anthony Jackson filed this action under 42 U.S.C. § 1983. This matter is before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss the action.

**I.**

Plaintiff is an inmate currently incarcerated at the Luther Luckett Correctional Complex (LLCC). He sues the Kentucky Department of Corrections (KDOC). Plaintiff states that in approximately April 2011 he requested protective custody at Little Sandy Correctional Complex (LSCC) because he "was in debt with multi-inmates . . . ." He further states the following:

> I wrote Dept. of Corrections in Frankfort Kentucky asking for long term protective custody due to inmates in special management unit told me I cant live on any yard I go. LSCC would not allow me to file a conflict on the other people I had problems with and D.O.C. didn't give me the protective custody I requested.

Plaintiff states that in July 2011 he was incarcerated at Northpoint Training Center. He states that a group of inmates who claimed to be a prison gang told him to pay them what he owed them or half of everything he got in every month "or I would not walk the yard." After receiving this and other threats, he was then put in protective custody. However, he states that

he tried to identify two of the inmates to prison officials but that they never placed a conflict on them and that the "Kentucky Dept. of Corrections turned me down again protective custody."

In August 2011, Plaintiff states that he was sent to Eastern Kentucky Correctional Complex (EKCC). He states, "About two months later they send four of the inmates to EKCC and they came up with other inmates making threats and cussing at me and demanding me to give them money." Plaintiff states that he started missing meals to avoid the threats. He states that in November 2011 he requested to be put in protective custody because of physical threats by other inmates. He requested to be put in long-term protective custody because he was in fear for his life, but "they turned me down and only allowed me to place one or two conflicts."

Plaintiff further states that in April 2012 he was transferred to LLCC and that two of the inmates from the prison gang were also there. He states that the "same exact thing happens but I tried to pay them off the $30 and they kept taken my stuff such as shoes, necklace, radio, and headphones." When he told them no, the inmates made physical threats. He states as follows:

> I then requested protective custody again due to I was sick of getting hit in the head or my arms bent until I yelled. I attempted to tell staff they say there is no proof and they don't care what say that they are sending me back to the yard. I keep telling them I am living in fear and in harms way but they don't care what I say. I am in protective custody now but they keep wanting to send me to the yard.

As relief, Plaintiff seeks money damages and an order to "be placed in long term protective custody or to be moved out state."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The only Defendant named in the complaint is the KDOC. To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* 42 U.S.C. § 1983. The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. Ann. § 12.250. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because the KDOC is not a "person" under § 1983, Plaintiff fails to state a cognizable claim against it.

Additionally, the Eleventh Amendment[1] acts as a bar to all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has

---

[1]The Eleventh Amendment to the United States Constitution provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

4

not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Therefore, Plaintiff's action against the KDOC will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from a defendant who is immune from such relief.

Even had Plaintiff named the individuals whom he claims were responsible for the alleged wrongdoing, however, the complaint would not survive initial review based on the facts alleged. *See Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998) (claim by inmate who alleged that he received threats from prison gang but did not suffer physical injury was dismissed). Moreover, with regard to any current threat alleged, Plaintiff states that he is presently in protective custody, and his claim that he might be removed from protective custody is speculative.

For the reasons set forth above, the action will be dismissed by separate Order.

Date: January 7, 2013

Charles R. Simpson III, Judge
United States District Court

cc: Plaintiff, *pro se*
Justice and Public Safety Cabinet
4411.010